## LITTLE *v.* ARKANSAS NATIONAL BANK.

### Opinion delivered November 4, 1912.

1. INSURANCE—WAGERING CONTRACT.—A policy of life insurance issued to one who had no insurable interest in the life of the person insured, but who pays the premiums for the chance of collecting the policy at the death of such person, is invalid as a wagering contract and against public policy.  (Page 283.)

2. SAME—WAGERING CONTRACT—VALIDITY OF PREMIUM NOTE.—A promissory note given for the premium on a wagering contract of insurance is without valid consideration and therefore unenforceable; and such defense is available against an assignee of such note with notice of the facts concerning the consideration, but not against an innocent purchaser for value before maturity.  (Page 283.)

3. EVIDENCE—WRITTEN CONTRACT—ORAL EVIDENCE.—No rule of evidence is violated by admitting oral proof of the consideration of a promissory note for the purpose of showing want or failure or illegality of consideration.  (Page 283.)

Appeal from Benton Circuit Court; *J. S. Maples,* Judge; reversed.

*Dick Rice,* for appellants.

1. The court erred in sustaining appellee's motion to strike out parts of appellant's answer.  If the allegations so stricken out are true, they constitute a defense to the note sued on. 127 S. W. (Ark.) 968; 25 Cyc. 706; *Id.* 758; 29 Cyc. 117; 22 L. R. A. 291; 135 S. W. 807.  The introduction of parol testimony proving such allegations would be no violation of the rule that parol testimony can not be introduced to vary or contradict a written instrument, since this principle does not apply so as to preclude the admission of evidence to show that the consideration was vicious or illegal.  17 Cyc. 660; 8 Cyc. 45; *Id.* 252-254; Joyce, Defenses to Commercial Paper, § 288; 88 Pac. 708; 62 S. W. 445; 38 N. E. 644; 100 S. W. 796; 36 N. Y. 531; 23 Ark. 390; 25 Ark. 238; 25 Ark. 209; 26 Ark. 450; 32 Ark. 758; 35 Ark. 279; 66 Ark. 534; 41 Ark. 242.

2. The plea of want of consideration is a defense to the notes.   60 Ark. 606; 31 S. W. 567; 6 Ark. 412; Joyce, Defense to Commercial Paper, § 322; Norton on Bills & Notes 275; Tiedeman on Commercial Paper, § 154; Kirby's Dig., § 3690.

*B. R. Davidson,* for appellee.

1. The third paragraph of the answer was a palpable

effort by the appellants to substitute by parol a contract with the district for an individual contract of their own, ignoring the fact that they had given promissory notes over their own signatures to be negotiated in due course. This can not be done either in law or in equity. 36 Ark. 293; 49 Ark. 285-7; 66 Ark. 445; 67 Ark. 62; 78 Ark. 574-577; 87 Ark. 93.

It is alleged in this paragraph that the notes were illegal and void and contrary to public policy because the district had no insurable interest in the lives of the parties. If proof of this character were admitted to defeat a promissory note, then commercial paper would have no value. 71 Ark. 185-188; 83 Ark. 163-171; 35 Ark. 555-559; 72 Ark. 514.

2. Even if proof were admissible that this was accommodation paper signed by the parties for the school district, it is no defense. 65 Ark. 543; 65 Ark. 204; 88 Ark. 97.

3. The defense that this is a transaction of a corporation and that it is void as such could only be made by the corporation itself. It is not a party, and, even though the contract itself was *ultra vires*, appellants could not take advantage of it in this case. 89 Ark. 435-443.

McCULLOCH, C. J. Appellants executed to one J. O. Gunter two negotiable promissory notes, each for the sum of $837.10, due and payable three and six months, respectively, after date, and Gunter assigned the notes to appellee, a banking corporation doing business in the city of Fayetteville, Arkansas. Appellee instituted this action to recover of appellants the amount of the two notes with interest. Appellants, for defense to the action, pleaded want of valid consideration for the execution of the notes sued on, alleging that Gunter was the soliciting agent for a certain life insurance company; that the notes were executed to him for the first annual premium on life insurance policies issued by said company on the lives of eighteen young men, the amount of the several policies of insurance to be payable on the death of the young men to Special School District of Rogers, Benton County, Arkansas; that neither the school district, nor any of these appellants, had an insurable interest in the lives of the men mentioned in the policies, and that said insurance contracts were void, and, consequently, the said notes given for premiums were without legal consideration. It is further alleged that appellee

had full notice of the above stated facts when it purchased the notes from Gunter, and was therefore not an innocent purchaser for value.

The court, on motion of appellee, struck out the allegations concerning the consideration for the notes, leaving in the answer only the allegation of payment of the notes by the school district, and on that issue evidence was introduced, upon which there was a finding in favor of appellee.

The question presented for our consideration on this appeal is whether or not the allegations of the answer, concerning the consideration for the notes, set forth facts sufficient to constitute a defense to the action. It is settled by a decision of this court, supported by the great weight of authority, that a policy of life insurance issued to one who had no insurable interest in the life of the person named, but who pays the premiums for the chance of collecting the policy at the death of such person, "is invalid because it is a wagering contract and against sound public policy." *McRae* v. *Warmack,* 98 Ark. 52.

It necessarily follows that a written obligation to pay the premium on such a policy is without valid consideration, and therefore unenforceable. The defense is available against an assignee of a note who purchased with notice of the facts concerning the consideration, but not against an innocent purchaser for value before maturity of a negotiable note. *German Bank* v. *DeShon,* 41 Ark. 331; Joyce on Defenses to Commercial Paper, § 288.

No rule of evidence is violated by admitting oral proof of the consideration for a promissory note for the purpose of showing want or failure of consideration, or illegality of consideration. *Martin* v. *Tucker,* 35 Ark. 279; *Taylor* v. *Purcell,* 60 Ark. 606; *Hencke* v. *Standiford,* 66 Ark. 535; Joyce on Defenses to Commercial Paper, § 322; 2 Parsons on Bills & Notes, p. 501; 8 Cyc. pp. 252 *et seq.*

The answer stated facts sufficient to show that the consideration for the notes was illegal, and that appellant was not an innocent purchaser. It was error, therefore, for the court to require those allegations to be stricken from the answer.

Reversed and remanded for a new trial.