LINCOLN RESERVE LIFE INSURANCE COMPANY v. JONES.

Opinion delivered November 26, 1928.

*Henry Stevens,* for appellant.

*Wade Kitchens,* for appellee.

HUMPHREYS, J. Appellee, beneficiary in a life insurance policy for $1,000, No. 2684, issued by appellant

to Amanda Harris, brought suit, after her death, against appellant to recover $758.04, alleging that said amount was due him after deducting the amount loaned on the policy by appellant to the insured and himself. He also prayed in the complaint for the statutory penalty of 12 per cent. and a reasonable attorney's fee.

Appellant filed an answer, admitting the issuance of the policy to Amanda Harris, insuring her life for said sum, payable at her death to appellee, and that the amount due on the policy above the amount advanced by it to the insured and appellee was $758.04, but that it paid said amount to J. T. Bagby, to whom the policy had been assigned by the insured and appellee, and that it paid same to Bagby under the representation of appellee that he, Bagby, was the assignee of said policy. It prayed for a dismissal of the complaint, and a judgment for its costs.

The cause was submitted to the jury upon the pleadings, the testimony adduced by the parties and the instructions of the court, resulting in a verdict for $250 against appellant, for which amount the court rendered judgment, together with a penalty of 12 per cent. and an attorney's fee of $50, from which is this appeal.

The record reflects the following undisputed facts: Appellant insured the life of Amanda Harris for $1,000 on the 17th day of March, 1914, naming appellee in the policy as beneficiary, and reciting that he was the insured's nephew. The insured and appellee borrowed $200 from appellant upon the policy on March 17, 1921, and duly assigned the policy to it as security for the loan. The policy remained in the possession of the insurance company after the assignment, and was never returned to the insured or to appellee.

The rules of the company provide that assignments of policies should be made in duplicate and both copies sent to the company, one of which the company was to retain and the other to be returned to the insured, and also contained the provision that the company should not be responsible for the validity of any assignment.

Pursuant to the rules for the assignment of the policy, the insured and appellee executed and mailed duplicate assignments to appellant on the 11th day of June, 1923. Appellant retained one of the assignents and mailed the other to J. T. Bagby. The assignments are as follows:

"For value received, I, Amanda Harris, being of legal age, hereby assign and transfer unto J. T. Bagby of Russellville, Arkansas, the policy of insurance known as policy No. 2684, issued by the Lincoln Reserve Life Insurance Company upon the life of Amanda Harris of Stamps, Arkansas, c/o G. Jones, box 187, and all dividend, benefit and advantage to be had or derived therefrom, subject to the conditions of the said policy and the rules and regulations of the company, not exceeding the amount justly due and owing to J. T. Bagby by said Amanda Harris at the time of her death. Witness our hands and seals this 11th day of June, nineteen hundred and twenty-three.

her

"Amanda X Harris,

mark

"General Jones."

(Certificate omitted).

A note bearing the same date of the assignment was executed, either at the time or on a subsequent date, by the insured and appellee to J. T. Bagby, for $571.50, bearing interest at the rate of 10 per cent. per annum from date until paid, which is as follows:

"$571.50                    Stamps, Ark., June 11, 1923.

"On demand, after date, I, we or either of us promise to pay to the order of J. T. Bagby five hundred seventy-one and 50/100 dollars, for value received, payable at Bodcaw Bank, Stamps, Ark., with interest from date at the rate of 10 per cent. per annum until paid. And it is hereby specially agreed that if this note is placed in the hands of an attorney for collection I, we, or either

of us promise to pay ten per cent. additional on the full amount due for attorney's fees.

"Demand, notice and protest waived.

her

"Amanda X Harris,

mark

"General Jones."

This note was not sent to the company, but was delivered to Bagby at some time or place, either directly or by mail. A copy of the note was sent to the company by Bagby, and had a notation to the effect that it was secured by the policy. The original note was introduced in evidence, and bears no such notation.

After the assignment was received by J. T. Bagby he paid premiums on the policy until the death of Amanda Harris, who died on August 19, 1926, amounting to $237.41.

On September 14, appellee made proof of Amanda Harris' death, according to the rules of the company, stating that he was her grandson and the beneficiary designated in the policy, and made a claim for the amount due on the policy, except the amount theretofore borrowed. It was stated in the proof that J. T. Bagby at Russellville, Arkansas, was the assignee of the policy. On September 17, 1926, J. T. Bagby filed with appellant an affidavit to the effect that the amount due him as assignee of the policy was $808.91.

On September 28, 1926, appellee wrote to appellant in reference to the claim, urging that it pay him, and received information from it of the Bagby affidavit, some time prior to October 20, 1926.

On October 15, 1926, appellant issued a voucher payable to J. T. Bagby, as assignee, and General Jones, Russellville, Arkansas, as beneficiary, for $758.04, in payment in full of its liability to both of them under the policy. On October 20, 1926, before receiving information that appellant had issued the voucher, appellee wrote to appellant as follows:

"Magnolia, Arkansas, 10-20-'26.

"Lincoln Reserve Life Insurance Company,
Birmingham, Alabama.

"Gentlemen: Please note the policy of Amanda Harris, No. 2684. The claimant statement have reached the home office before with necessary proof. Now, as to J. T. Bagby of Russellville, Arkansas, affidavit. I don't know anything about it, but if the affidavit exceeds three hundred dollars cancel for the statement is bogus. The writer is a policyholder, part of the Co., policy No. 7064, and am expecting policy number 2684 to be paid as willed. Hope this will meet your approval. For information write General Jones, Magnolia, Ark. Looking to hear from you in return mail, yours for future business.

"General Jones,
"Magnolia, Arkansas.

"P. S. Now, if the Bagby claim is of a nature unreasonable, cancel the whole claim and pay as per willed, except that the company holds policy for."

On October 22, 1926, before receiving appellee's letter of October 20, 1926, appellant wrote to him as follows:

"General Jones,
Magnolia, Ark.

"Dear sir: *Re:* Policy No. 2684, Amanda Harris, deceased. We have your letter of the 28th in reference the above claim. Under date of October 18 we mailed to our general agents, Messrs. Gough & Dearing, your voucher No. 3384, in the amount of $758.04. This voucher was made payable to J. T. Bagby, assignee, and yourself as the beneficiary in the policy. Messrs. Gough & Dearing will deliver this voucher to you and Mr. Bagby, and it will be necessary for you both to indorse it before it can be paid. At that time you can straighten out the matter of the amount due Mr. Bagby. Of course we know nothing about the amount of this indebtedness, and feel

sure you can straighten it out to your mutual satisfaction when the check is delivered to you.

"Yours very truly,

"H. C. Lockhart, Asst. Sec'y."

On the 9th of November, 1926, as an accommodation to J. T. Bagby, the voucher in favor of Bagby and appellee was recalled and a new one issued for the same amount payable to Bagby. Bagby cashed the voucher.

The record reflects a dispute in the testimony as to whether there was any consideration for the $571.50 note. J. T. Bagby testified that it was executed and delivered to him to cover the advances of money he had made from time to time and on the date of the note to Amanda Harris and appellee.

Appellee, over the objection and exception of appellant, was permitted to testify as follows:

"After Bagby had paid two premiums, he wanted some instrument of writing so he could get some money in case of my death, as I was beneficiary under the policy, and one-half of the policy would have been five hundred dollars, and I gave him a note for that, but this note was not to be considered unless I died, it was not to come up in my lifetime. It was just for his protection. That was made after the premiums were paid. The note was dated the same date as the premiums were."

Appellant's first contention for a reversal of the judgment is the admission of the oral testimony of appellee explanatory of the execution of the $571.50 note by himself and Amanda Harris to J. T. Bagby. The explanation was to the effect that the note was without consideration, and for the purpose of splitting the policy equally between appellee and Bagby upon the death of Amanda Harris,-provided Bagby would pay the premiums on the policy as they matured. This court has ruled that: "No rule of evidence is violated by admitting oral proof of the consideration for a promissory note for the purpose of showing want of failure of consideration, or illegality of consideration." *Little* v. *National Bank,* 105 Ark. 281, 152 S. W. 281. Appellant

contends, however, that the admission of oral testimony had the effect of denying the validity of the assignment of the policy. This might be true if the assignment had been absolute and not partial, and had stated that it was made to secure the payment of the note, or if the note had recited that the policy was assigned to secure its payment. The assignment only covered such amount as might be due and owing by Amanda Harris at the time of her death. In order to determine the amount, it was necessary to ascertain whether the note was valid, as it had been introduced by appellant as a part of the indebtedness which Amanda Harris and appellee owed Bagby at the time of her death. The introduction of this oral evidence did not have the effect of contradicting the written assignment, which was a partial assignment only.

Appellant's next contention for a reversal of the judgment is that, when appellee testified that he was the grandson instead of a nephew of Amanda Harris, he defeated his right of action as beneficiary in the policy, because the beneficiary named in the policy was a nephew of the insured. Appellant's answer admits that appellee was a beneficiary named in the policy. After admitting in its answer that appellee was a beneficiary and treating with him throughout as the beneficiary, in order to escape liability to him on the policy it should have shown by the evidence that there were two persons by the name of General Jones, one the grandson and the other the nephew of Amanda Harris, and that it was her intention to make the nephew and not the grandson her beneficiary.

Appellant's next contention for a reversal of the judgment is that the court should have construed the written assignment by Amanda Harris and appellee to J. T. Bagby as an absolute assignment of the policy, thereby vesting in him authority to collect the entire amount due thereon. The language of the assignment does not warrant that construction. It was plainly stated in the assignment that it was made to secure what was "justly due and owing Bagby by Amanda Harris

at the time of her death.'' This constituted a partial assignment, and limited Bagby's interest under the assignment to such amount as Amanda Harris might owe him at her death, leaving the balance due under the policy payable to the beneficiary therein. The case of *Page* v. *Bernstein,* 102 U. S. 664, and *Manhattan Life Insurance Co.* v. *Hennesy,* 99 F. 64, 39 C. C. A. Reports 631, cited by appellant in support of its contention, involved absolute assignments or transfers of the policy, and are not applicable in the instant case, because the Bagby assignment was only a partial one. The case of *Cheeves* v. *Anders,* 87 Tex. 287, 28 S. W. 274, 47 A. S. R. 107, also cited by appellant in support of its position, did not turn upon the question of an assignment but upon the liability of the insurer on the policy. In the instant case appellant admitted its liability, and, as a defense, justified itself in paying the balance due on the policy to Bagby on the theory that the policy had been absolutely assigned to him.

Appellant's next contention for a reversal of the judgment is that appellee instructed it to pay the entire amount due on the policy to Bagby if his claim was reasonable, and that, upon the presentation of the note and proof that he had paid the premiums, it was justified, under appellee's instruction, in paying all that was due on the policy to Bagby, because the note and the amount of premiums paid to him exceeded the amount it owed on the policy. As a basis for this contention appellant relies upon the letter written to it on October 20, 1926, by appellee. The letter is not susceptible of the construction placed upon it by appellant. It plainly states that, if Bagby's claim is in excess of $300, it was bogus, and, in a postscript to the letter, said that ''if of a nature unreasonable to cancel the claim and pay as per will, except what the company holds the policy for.'' We think the proper construction of this letter is that any amount Bagby might claim above $300 was an unreasonable amount, and that the most appellant could have paid Bagby under the authority of the letter was $300.

Appellant's next contention for a reversal of the judgment is that the court erred in submitting the case to the jury upon the sole issue of what amount Manda Harris, at the time of her death, and appellee justly owed Bagby. We think the court properly construed the assignment to be a partial one on its face, and that the letter written by appellee to appellant meant that it should not pay Bagby any amount in excess of $300, and that, in view of this construction, the only issue left in the case for determination by the jury was the amount justly due Bagby at the time of the death of Amanda Harris.

Lastly, appellant contends for a reversal of the judgment because the court assessed a penalty of 12 per cent. and allowed $50 as an attorney's fee.

Appellee recovered only $250, and, according to our construction of his complaint, he brought suit for $758.04, the balance due on the policy after deducting therefrom the amount he and Amanda Harris owed the company. Under the authority of *Fidelity-Phoenix Fire Ins. Co.* v. *Friedman,* 117 Ark. 71, 174 S. W. 215, "a recovery for less than the amount sued for does not justify an allowance of an attorney's fee and the assessment of a penalty provided by statute."

The judgment is therefore modified by reducing it by the amount of the penalty and attorney's fee, and, as modified, it is affirmed.