KANSAS CITY FIRE & MARINE INS. CO. *v.* BAKER.

5-1558                                          313 S. W. 2d 846

Opinion delivered June 2, 1958.

[Rehearing denied July 1, 1958.]

*Kirsch, Cathey & Brown,* for appellant.

*Rhine & Rhine,* for appellee.

ED. F. MCFADDIN, Associate Justice. This is the second appearance of this litigation in this Court. The first appeal was *Baker et al.* v. *Kansas City Fire & Marine Ins. Co.,* 227 Ark. 532, 300 S. W. 2d 264, wherein the facts were recited in considerable detail. Baker, Houston, and the First National Bank of Paragould (all hereinafter called ''Baker'') had a fire loss of $2,-214.35 and sued the Kansas City Fire & Marine Insurance Company (hereinafter called ''Kansas City Company'') for the amount of that loss since the Kansas City Company had issued a $4,000 policy to Baker. The Kansas City Company claimed that there was another policy on the same property issued by the Consolidated Underwriters of South Carolina Insurance Company (hereinafter called ''Consolidated Underwriters'') for the sum of $6,000; that the total insurance was $10,000 and that the Kansas City Company was liable for only

$885.74, which was 40 per cent of the total loss[1] of $2,-214.35.

On the first trial the Circuit Court agreed with the Kansas City Company and rendered judgment in favor of Baker for only $885.74; and Baker appealed. The Consolidated Underwriters were not made parties defendant in the first trial. We said on the first appeal:

"The Kansas City Company defended on the basis that there was . . . 'other valid and collectible insurance'. The burden was on the Kansas City Company to prove that *as regards the plaintiffs,* there was outstanding a valid and collectible policy issued by the Consolidated Underwriters. . . . The Kansas City Company never showed that the plaintiffs could have recovered on the $6,000 policy issued by the Consolidated Underwriters. . . . The Kansas City Company alleged the affirmative defense that there was other valid and collectible insurance; and the burden was on the Kansas City Company to sustain the allegation. . . . Therefore, we conclude that the Trial Court was in error in holding that the Kansas City Company was liable for only a pro rata part of the loss. The judgment is reversed and the cause remanded for a new trial; and upon remand the Consolidated Underwriters may be brought in and the issues litigated with all parties before the Court."

After the mandate containing our opinion was filed in the Trial Court Baker (the plaintiffs) made no effort to have Consolidated Underwriters made a party defendant. Instead, it was the Kansas City Company that had the Consolidated Underwriters made a third party defendant; and that Company (Consolidated Underwriters) admitted its liability for 60 per cent of the total loss of $2,214.35 and deposited with the Court the sum of $1,341.90 representing 60 per cent of the loss with interest until the date of the deposit, and asked that the Court direct payment to the person or persons entitled thereto.

---

[1] There is no controversy as to the fact that interest is to be charged. So we omit any further calculation or reference as to interest.

The case was then tried by the Circuit Court on the testimony offered on the first trial, together with the subsequent pleadings, as hereinbefore mentioned; and the Circuit Court, in the trial from whence comes the present appeal, rendered judgment against the Kansas City Company for the full loss of $2,214.35, together with penalty and attorneys' fees, but allowed the Kansas City Company, upon payment of the full judgment, to receive the amount deposited by the Consolidated Underwriters. From that judgment the Kansas City Company brings the present appeal.

We reach the conclusion that the judgment must be reversed. In the first trial the Kansas City Company pleaded the existence of other valid insurance (to-wit, the policy issued by the Consolidated Underwriters) as a defense to any liability by the Kansas City Company for more than 40 per cent of the total loss. The burden of proving this defense of "other insurance" was on the Kansas City Company; and on the first appeal we held that such burden had not been discharged: so we reversed and remanded. Then, on the second trial in the Circuit Court, the Kansas City Company sustained its burden of proving "other insurance" because the Consolidated Underwriters admitted liability and paid into the Court 60 per cent of the total[2] loss. With the 60 per cent paid into Court, then the existence of "other insurance" was established and the Kansas City Company became liable for only[2] the remaining 40 per cent of the loss.

The real battle is over the matter of penalty and attorneys' fees, which the Trial Court awarded Baker against the Kansas City Company. But what we have said, as to the Kansas City Company's liability for only 40 per cent of the loss, points to the disposition that we make of the items of penalty and attorneys' fees. Our applicable statute on these matters is § 66-514 Ark.

---

[2] That these amounts bear interest is not denied and interest was tendered by the Consolidated Underwriters and offered to be confessed by the Kansas City Company, so we omit any further calculation or reference as to interest.

Stats.; and our cases hold that to be entitled to recover penalty and attorneys' fees the plaintiff must recover from the defendant insurance company the amount for which the plaintiff sued. See *Pacific Mut. Life Ins. Co.* v. *Carter,* 92 Ark. 378, 123 S. W. 384, 124 S. W. 764; *Fidelity Phenix Fire Ins. Co.* v. *Roth,* 164 Ark. 608, 262 S. W. 643; *Lincoln Reserve Life Ins. Co.* v. *Jones,* 178 Ark. 466, 10 S. W. 2d 910; *Mutual Life Ins. Co. of New York* v. *Marsh,* 186 Ark. 861, S. W. 2d 433; *Service Fire Ins. Co.* v. *Horn,* 202 Ark. 300, 150 S. W. 2d 53; *Liverpool & London & Globe Ins. Co.* v. *Jones,* 207 Ark. 237, 180 S. W. 2d 519.

At all times in this case the Baker plaintiffs prayed that they recover from the *Kansas City Company* the sum of "$2,214.35 together with 12 per cent penalty and reasonable attorneys' fees, as required by law . . ." After the remand of the case and after Consolidated Underwriters paid its money into the Court, the plaintiffs were not entitled to recover the full $2,214.35 from the Kansas City Company; and, therefore, the Kansas City Company was not liable for penalty and attorneys' fees.

The judgment is reversed and the cause is remanded with directions to the Trial Court to enter judgment as follows: that the plaintiffs may have and receive the money paid into Court by the Consolidated Underwriters, and then have judgment against the Kansas City Company for the sum of $885.74 plus interest and all costs of the Trial Court, but not for penalty and attorneys' fees. The costs of this appeal are taxed against the appellees.