SMITH *v.* U. S. F. & G. Co.

5-3661                                              395 S. W. 2d 749

Opinion delivered November 22, 1965.

*Brown, Compton & Prewett,* for appellant.

*Shackleford and Shackleford,* for appellee.

CARLETON HARRIS, Chief Justice. The issue in this case is whether Wayne Smith, appellant herein, is entitled to statutory penalty and attorneys' fees, after recovering $2,462.10 from appellee, United States Fidelity and Guaranty Company.

Appellant is a building contractor, and, during the construction of a gymnasium for the Smackover School District, carried a policy, together with endorsement, with appellee company, which insured him against certain losses arising from said construction. While the building was in the process of being constructed, a roofing joist, or joists, fell, which caused extensive damage to the building, and resulting loss to appellant. Suit was instituted by Smith, wherein he set out that he had incurred loss in the total amount of $3,229.97, as a result of the afore mentioned casualty, and had made demand upon the company for the payment to him of this amount, less $500.00 deductible, as provided by the terms of the policy. It was further asserted that the company had refused payment. The prayer asked for judgment in the amount of $2,729.97, together with interest, statutory penalty, and attorneys' fee. Appellee denied that Smith's loss was covered under the policy and endorsement, and

denied that appellant was entitled to recover in any amount. On trial, the jury returned a verdict in the amount of $2,462.10.[1] Appellant filed his motion for attorneys' fee and penalty, alleging:

"That from the time of the loss to the time of the claim, to the time of the filing of the suit and until the trial of this action the defendant refused to pay the plaintiff solely upon the basis of the defendant's denial of coverage under the provisions of the exclusions contained in said builder's risk special extended coverage endorsement. There was no denial of payment by the defendant based upon the amount of loss claimed by the plaintiff and the defendant made it known to the plaintiff that it would not pay any loss under its position of no coverage."

The company responded, asserting that Smith had continually made a demand for payment in an amount which was more than he was entitled to recover, and he had never amended the amount that he was claiming as damages; the company denied that appellant was entitled to a recovery of statutory penalty and attorneys' fees. The trial judge denied the motion, and appellant has appealed that portion of the judgment denying the recovery of these items.

Appellant commences his brief by stating that he is aware of our long line of cases in which we have held that before a plaintiff is entitled to recover the 12% statutory penalty and reasonable attorneys' fees, he must first recover from the insurance company the amount for which he sued. See *Kansas City Fire & Marine Ins. Co.* v. *Baker*, 229 Ark. 130, 313 S. W. 2d 846, and numerous cases cited therein. However, appellant argues that the rule should not be applicable in every case, and points out that the statute on this subject does not require a recovery of the exact amount sued for before the penalty and attorneys' fee attach. Our original statute was passed in March, 1905, and has been amended

---

[1] It is obvious, in this particular instance, that the jury disallowed the profit sought by appellant, which amounted to $267.86.

four times (Ark. Stat. Ann. § 66-514 [Repl. 1957]), the last amendment being added by the General Assembly of 1955.[2] The statute, as amended, was re-enacted, almost word for word, by the 1959 General Assembly, and is presently found as a part of the law of this state under the chapter heading, ''Insurance Contracts.''[3] Appellant is correct in his assertion that there is no language which sets out that the exact amount sought must be recovered. However, this court has always held, and we think with logic, that one is not entitled to recover (penalty and attorneys' fee) if he seeks, or makes demand for, more than he recovers. This holding goes as far back as the year 1909, when in *Pacific Mut. Life Ins. Co.* v. *Carter,* 92 Ark. 378, 123 S. W. 384, we said:

''But the act makes the company liable for failure to pay the loss 'after demand made therefor.' The statute thus contemplates that there shall be a demand. A recovery for penalty and attorney's fee cannot be had when complaint makes demand for more than he is entitled to recover. It could never have been the purpose of the Legislature to make the insurance companies pay a penalty and attorney's fee for contesting a claim that they did not owe. Such an act would be unconstitutional. The companies have the right to resist the payment of a demand that they do not owe. When the plaintiff demands an excessive amount, he is in the wrong. The penalty and attorney's fee is for the benefit of the one who is only seeking to recover after demand what is due him under the terms of his contract, and who is compelled to resort to the courts to obtain it.''

As previously stated, this holding has been reiterated dozens and dozens of times. Appellant contends that this rule should not apply when the defendant insurance company denies all liability, and he is of the view that the rule should only apply when the company has admitted liability, but is differing with the claimant only as to

---

[2] The amendments that were added over the years did not relate to the question here involved.

[3] The section dealing with penalty and attorneys' fee is Ark. Stat. Ann. § 66-3238 [Supp. 1963].

the amount to be recovered. He argues that our ruling "results in an insured backing away from various items of his claim in order not to sacrifice his statutory right to be made whole by the assessment of the penalty and the attorney's fee." As pointed out by appellee, this argument by appellant works both ways, for, if the rule were changed in the manner urged by appellant, the insurer might well also back away from a defense of non-coverage, exclusion, or any other ground of defense, except a contention that the amount claimed is excessive. Further, appellant argues that the statute should be governed by the facts and circumstances of each particular case, and the allowance of the penalty and attorneys' fees should be left to the discretion of the trial court. Of course, this could mean an allowance of attorneys' fees and penalty varying from a 50% recovery (or perhaps any recovery) to a 99% recovery, depending somewhat on the views of the particular court before which the case was tried. Such procedure, it would seem, might well lead to confusion, and certainly there would be no uniformity of action throughout the state.

Actually, without knowing exact percentages, we think it is very likely that most disputes that occasion litigation between a claimant and his insurance company are based upon a defense that no coverage is afforded under the particular circumstances at issue. But we see no need to enter into a detailed discussion of the merits, or demerits, of the rule at issue, for we think that, if a change is to be made, it should be made by the General Assembly. As earlier pointed out, this interpretation of the statute was rendered nigh on to sixty years ago, and the General Assembly has had repeated opportunities to change the law during that period of time. In fact, as herein mentioned, four amendments have been added to this section, but the Legislature has not seen fit to make any change relating to the question presented in this litigation. To the contrary, the General Assembly re-enacted this exact statute (as amended) in 1959.

We decline to overrule, or modify, the numerous cases which hold that a plaintiff must recover the amount

demanded before he is entitled to penalty and attorneys' fee.

Affirmed.