**494**

Mitchell L. WOODS and Dorothy Woods,
Plaintiffs,

v.

COMMERCIAL UNION INSURANCE
COMPANY OF AMERICA,
Defendant.

No. T-71-C-22.

United States District Court,
W. D. Arkansas,
Texarkana Division.

Dec. 22, 1971.

Charles A. Potter, Potter & Potter, Texarkana, Ark., for plaintiffs.

Victor Hlavinka, Atchley, Russell, Hutchinson & Waldrop, Texarkana, Tex., for defendant.

## MEMORANDUM OPINION

PAUL X. WILLIAMS, District Judge.

In June of 1971, the plaintiffs, Mitchell L. Woods and Dorothy Woods filed suit in the Circuit Court of Miller County, Arkansas (Miller Circuit No. 8244) against the defendant, Commercial Union Insurance Company of America on a policy of fire insurance, the terms of which are not in dispute. The complaint alleges that plaintiffs had sold a house to Francis Pack; that Francis Pack had purchased fire insurance on the house naming the plaintiffs as "other insureds" and A. L. Davis as a mortgagee; that the house was destroyed by fire; that demand for payment had been made on the defendant; that payment had been refused, etc.

Paragraphs IV, V, and the prayer of the complaint are as follows:

### IV.

"Plaintiffs would show that there is now due and owing to them under the said contract of sale the sum of Ten Thousand Nine Hundred Eighty-eight and 33/100 Dollars ($10,988.33,) plus interest at the rate of eight percent (8%) from August 2, 1970, through June 17, 1971, amounting to Seven Hundred Seventy-one and 49/100 Dollars ($771.49,) plus interest at the rate of eight percent (8%) per annum until paid. Out of this amount, the mortgagee, A. L. Davis, is entitled to receive the sum of Eight Thousand Nine Hundred Fifty-one and 95/100 Dollars ($8,951.95,) as of June 17, 1971, plus interest at the rate of seven and one-half percent (7½%) per annum until paid. Plaintiffs state that they are entitled to judgment against Defendant for the said sum of $10,988.33, plus interest through June 17, 1971, of $771.49, plus interest at the rate of eight percent (8%) per annum until paid.

### V.

"Plaintiffs would further show that they are entitled to the statutory penalty of twelve percent (12%), plus a reasonable attorney's fee.

"WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Mitchell L.

Woods and Dorothy Woods, pray that they have and recover of and from the Defendant, Commercial Union Insurance Company of America, the sum of Ten Thousand Nine Hundred Eighty-eight and 33/100 Dollars ($10,988.33,) plus interest through June 17, 1971, amounting to Seven Hundred Seventy-one and 49/100 Dollars ($771.49,) plus interest at the rate of eight percent (8%) per annum thereafter until paid, plus the statutory penalty of twelve percent (12%) and a reasonable attorney's fee and all costs expended."

On July 8, 1971, the defendant filed petition for removal to this Court, which was effected.

On the same day, July 8, 1971, attorneys entered into and filed a stipulation to the effect that time to answer and/or move for joinder of other parties and/or filing counterclaims and/or offsets be extended to July 19, 1971. The Court entered an order in accord with the terms of the stipulation.

On July 15, 1971 the defendant filed an answer, a counterclaim for interpleader and a second counterclaim. This pleading alleged that defendant paid $9,002.70 to the mortgagee, A. L. Davis; denied any further liability in the action:

Alleged that Francis Pack had willfully burned the insured house, asked that defendant be adjudged free from any further liability on the policy and prayed judgment against Francis Pack for the sum already paid to the mortgagee, A. L. Davis.

At the same time and on the same day defendant filed a surety bond in principal sum of $8,000.00 conditioned that defendant would prosecute its action in the nature of interpleader.

It must be noted that although the answer of defendant alleged payment of $9,002.70 to the mortgagee, A. L. Davis, such payment was not made until after the answer had been filed when a check for $9,014.95 payable jointly to Mitchell L. Woods, Dorothy Woods and A. L. Davis was delivered to the three of them to pay the amount due to Mr. Davis, the mortgagee.

Some time thereafter the defendant by check paid Mitchell L. Woods and Dorothy Woods $2,865.24 representing the remainder of the total amount sued for under the insurance policy.

It will be noted that no allegation or prayer is set forth in this action as to any recovery by the plaintiffs against the defendant for insurance benefits which may be owing to Francis Pack.

After payment to the plaintiffs as above described the plaintiffs have applied for penalty and attorneys fee pursuant to the terms of Ark.Stats. 66–3238.

Defendant resists the allowance of such penalty and attorneys fee on the ground that plaintiffs did not recover the full amount sued for—in that the prayer of the complaint was that the plaintiffs sought $10,988.33 and defendant in fact only paid $2,865.24 to the plaintiffs and that the name of A. L. Davis, mortgagee, was on the other check along with the names of the plaintiffs which constituted a payment to Davis and was not a recovery by the plaintiffs.

Parties have agreed that should an attorneys fee be allowed it will be fixed at $500.00.

This case is governed by Ark.Stats. 66–3238, which is as follows:

"*Suits against insurers—Damages and attorney fees on loss claims.*—In all cases where loss occurs and the cargo, fire, marine, casualty, fidelity, surety, cyclone, tornado, life, health, accident, medical, hospital, or surgical benefit insurance company and fraternal benefit society or farmers' mutual aid association liable therefor shall

fail to pay the same within the time specified in the policy, after demand made therefor, such person, firm, corporation and/or association shall be liable to pay the holder of such policy or his assigns, in addition to the amount of such loss, twelve per cent (12%) damages upon the amount of such loss, together with all reasonable attorneys' fees for the prosecution and collection of said loss; said attorney's fee to be taxed by the court where the same is heard on original action, by appeal or otherwise, and to be taxed up as a part of the costs therein and collected as other costs are, or may be by law collected; and writs of attachment or garnishment filed or issued after proof of loss or death has been received by the company shall not defeat the provisions of this section, provided the company or association, desiring to pay the amount of the claim as shown in the proof of loss or death may pay said amount into the registry of the court, after issuance of writs of attachment and garnishment in which event there shall be no further liability on the part of said company."

The Arkansas Supreme Court has consistently held that the full amount of the claim must be recovered before the defendant Insurance Company becomes liable for the penal provisions of the statute.

The case of Smith v. U. S. F. & G. Co., 239 Ark. 984, 395 S.W.2d 749 (1965) is cited by the Insurance Company where the Arkansas Supreme Court in an opinion by Chief Justice Carleton Harris used the following language: (P. 987–988, 395 S.W.2d p. 751)

"As earlier pointed out, this interpretation of the statute was rendered nigh on to sixty years ago, and the General Assembly has had repeated opportunities to change the law during that period of time. In fact, as herein mentioned, four amendments have been added to this section, but the Legislature has not seen fit to make any change relating to the question presented in this litigation. To the contrary, the General Assembly re-enacted this exact statute (as amended) in 1959.

"We decline to overrule, or modify, the numerous cases which hold that a plaintiff must recover the amount demanded before he is entitled to penalty and attorneys' fee."

We also note the following language taken from the same opinion. (P. 986, 395 S.W.2d p. 750)

"But the act makes the company liable for failure to pay the loss 'after demand made therefor.' The statute thus contemplates that there shall be a demand. A recovery, for penalty and attorney's fee cannot be had when complaint makes demand for more than he is entitled to recover. It could never have been the purpose of the Legislature to make the insurance companies pay a penalty and attorney's fee for contesting a claim that they did not owe. Such an act would be unconstitutional. The companies have the right to resist the payment of a demand that they do not owe. When the plaintiff demands an excessive amount, he is in the wrong. The penalty and attorney's fee is for the benefit of the one who is only seeking to recover after demand what is due him under the terms of his contract, and who is compelled to resort to the courts to obtain it."

There is no question in this case but that the defendant Insurance Company refused to pay the total amount claimed for the benefit of the plaintiffs and that the plaintiffs were compelled to resort to the Courts. In fact, the defendant alleged arson by Francis Pack and prayed that it not be required to pay that portion payable to plaintiffs other than the part to pay the mortgage to Davis.

This Court is required to determine whether or not the payments made in two checks, one payable to the plaintiffs and Davis and the other payable to the plaintiffs constitute a recovery of the amount demanded.

We find as a fact that the plaintiffs were required to file suit after having asked for and demanded what was due to them under the insurance contract and the fact that the defendant resorted to a payment in two checks, adding the name of A. L. Davis, mortgagee, to the larger check in no wise prevents the amount recovered from being a total recovery of the amount sued for. The allegations of the complaint plainly show the amount owed by the plaintiffs to Davis and that the recovery would be to that extent, for the benefit of Davis as mortgagee. Prior to institution of the suit there had been no payment either to the plaintiffs or to Davis and when payment was actually made it was to the plaintiffs with A. L. Davis' name included in order that the liability of the defendant to the plaintiffs and also to Mr. Davis would be paid. The effect of the payment was that the plaintiffs recovered the full amount sued for and paid to Mr. Davis the amount of his mortgage.

Had the plaintiffs seen fit to do so, they might have paid Mr. Davis in some other manner. The liability of the defendant to the plaintiff would not have been reduced thereby.

We do not intend to leave the impression that the defendant should not have included Davis's name on the check. It was the logical way to handle payment under the allegations of plaintiffs' complaint. But it was still a recovery of the full amount under the circumstances in this case and plaintiffs are entitled to recover the statutory penalty of 12% on the full recovery of $11,880.19 and an attorney fee of $500.00. The defendant has paid the required interest.

The clerk will prepare judgment to this effect.